1951



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 9, 1939

Hon. Rogers Kelley
Senate Chamber
Austin, Texas

Dear Senator Kelley:

Opinion No. O-312
Re: Power of Legislature to suspend law and method by which suspension must be accomplished.

By your letter of February 9th you have requested the opinion of this Department upon the following questions:

1. Whether the Legislature can suspend the operation of the Seven Thousand Pound Truck Load Limit Law without amending or repealing it, with reference to the movement of perishable fruits and vegetables only for a period of ninety days, or such period of time as the Legislature might fix in the bill as the period required to amend and correct the existing law.

2. How this may be accomplished by the Legislature, that is, whether by bill, resolution, or otherwise.

By virtue of the provision of Section 28 of Article I of the Constitution of Texas, the Legislature alone has the power to suspend existing laws in this State. The power to suspend includes the power to suspend in whole or in part and for such period of time as the Legislature may determine.

You are therefore advised that the Legislature may suspend the operation of the law to which you refer so far as it affects the movement of perishable fruits and vegetables produced in this state. In this connection, however, your attention is directed to the fact that the suspension should have the effect of a general law; that is, the suspension should apply to fruits and vegetables of a perishable nature wherever they may be produced in the State of Texas.

With reference to your second inquiry, you are advised that this Department has heretofore, on January 24, 1939, by an opinion addressed to Hon. W. Lee O'Daniel, Governor of Texas, held that laws of the State of Texas can not be suspended by resolution, but must be suspended by bill. Article 3, Section 30 of the Constitution prohibits the passage of any law except by bill. The Supreme Court of this state in the case of City of San Antonio vs. Micklejohn, 89 Tex. 79, 33 S. W. 735, holds that a law may not be repealed by resolution, and states that "the act which destroys should be of equal dignity with that which establishes." The suspension of a law is in effect a partial and limited repeal thereof, and we therefore advise that the suspension of the law to which you refer must be accomplished by bill rather than by resolution or any other method of procedure resorted to in the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

RWF:PBP

APPROVED:
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS